J-S19038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EMMA COMER :
:
Appellant : No. 1520 MDA 2016

Appeal from the Judgment of Sentence August 9, 2016
In the Court of Common Pleas of Perry County
Criminal Division at No(s):  CP-50-CR-0000161-2016

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MARCH 23, 2017**

Appellant Emma Comer appeals from the judgment of sentence entered in the Court of Common Pleas of Perry County on August 9, 2016, following a jury trial at which time she was sentenced to an aggregate term of one (1) month to twenty-three (23) months' incarceration two be followed by a two-year term of probation.  Upon our review, we affirm.

On December 16, 2011, Appellant's eight-year-old son was injured when a driver insured by Donegal Insurance Group (hereinafter "Donegal") struck him as he crossed a street on his bicycle in Palmyra, Pennsylvania. Appellant initiated a claim for her son's injuries with Donegal.  On October 14, 2013, Appellant submitted another claim to Donegal on her own behalf

_____

[*] Former Justice specially assigned to the Superior Court.

for lost wages in an amount of $160,700.00. In doing so, Appellant indicated she had missed work because of her son's injuries and was subsequently fired from her job as a truck driver with CDC Transportation, LLC (hereinafter "CDC") on February 10, 2012. As part of the claim process, Appellant submitted to Donegal what purported to be a letter from her former employer setting forth her reasons for her lost wages and the amount thereof and signed by Cleyton Decarvalho and Steven Watts under the typed name "CDC Transportation, LLC."

Ms. Ryann White, a claims adjuster for Donegal, testified that she found the letter to be "weird," because the date thereon, December 13, 2012, predated the date upon which Appellant handed the correspondence to Donegal's field representative in October of 2013. N.T., 6/27/16, at 36, 39. Ms. White further related that the correspondence was rife with anomalies. For instance, the document lacked the customary letter head, and the ZIP code thereon had only four digits. *Id*. at 39-40. Also, the letter contained numerous spelling and grammatical errors, and it concluded with two signatures purporting to be from Messrs. DeCarvalho and Watts, although no typed name appeared beneath them. N.T., 6/27/16, at 39-40.

Steven Watts testified he is employed in the transportation business and owns a company, Watts Logistics. *Id*. at 54. While he had no business affiliation with Cleyton Decarvalho, Mr. Watts thought Mr. Decarvalho was a partner in a company called Bad Boy Trucking. *Id*. at 55. Mr. Watts further explained that he had no business connection to CDC. *Id*. at 56. Mr. Watts

admitted to having an intimate relationship with Appellant who at one time had worked for him; however, he stressed that while Appellant had asked him to write a letter in support of her wage loss claim to Donegal, he did not author the correspondence, nor did he sign or authorize anyone else to sign his name or use his cell phone number thereon. *Id*. at 58-59, 63-66, 68-69.

Mr. Decarvalho testified that he had owned CDC and indicated Appellant at one time worked for him as his only driver. N.T., 6/27/16, at 80-83. Mr. Decarvalho stated he and Appellant had no written employment contract, and he paid her two hundred ($200.00) dollars per day on a weekly basis. Appellant was paid as an independent contractor, and the amount of $160,700.00 in no way reflected payment for time Appellant had missed from work due to her son's injuries. *Id*. at 84-86, 99. Mr. Decarvalho did not prepare the purported letter from CDC or place his signature thereon, nor did he direct someone else to do so. *Id*. at 98-100.

Following a jury trial on June 27, 2016, Appellant was found guilty of a single count each of Insurance fraud, 18 Pa.C.S.A. § 4117(a)(2), and criminal attempt to commit Theft by deception, 18 Pa.C.S.A. 901; 18 Pa.C.S.A. 3922(a)(1). Appellant did not file a post-sentence motion following her convictions, and she was sentenced on August 9, 2016. On September 6, 2016, Appellant filed a timely notice of appeal with this Court, and in its order entered on September 12, 2016, the trial court directed her to file a concise statement of the matters complained of on appeal within

twenty-five (25) days. Appellant complied, and her "Statement of Matters Complained of" filed on October 4, 2016, reads as follows:

1. Appellant was found guilty by a Jury of one count of Attempt to Commit Theft By Deception, a Felony of the Third Degree and one Count of Insurance Fraud on June 27, 2016.

2. Appellant was sentenced as to one count Attempt to Commit Theft by Deception, a Felony of the Third Degree, to costs and two years['] probation; as to one count of Insurance Fraud, sentence was costs, restitution and incarceration of a minimum one month, maximum twenty three months in Perry County Prison.

3. Appellant avers the Jury's verdict was not substantiated by the weight of the evidence for the following reasons:

    a. Appellant avers that the weight of the evidence did not support that she knowingly submitted paperwork that was fraudulently drafted;
    b. Appellant avers that no evidence was submitted to prove beyond a reasonable doubt that she created the document that was submitted to the insurance company;
    c. Appellant argues that the evidence was not sufficiently weighted to support a verdict of guilty as to an intent to defraud the insurance company;
    d. Appellant argues that she had a legitimate claim submitted to the insurance company;
    e. Appellant avers that the weight of the evidence, or lack thereof, did not surmount the beyond a reasonable doubt burden and thus, the Jury was incorrect in it's [sic] decision.

4. Appellant is requesting that the verdict be set aside and a new Jury Trial be granted.

*See* Statement of Matters Complained of, filed October 4, 2016, at ¶¶ 1-4. The trial court filed its Final Memorandum on October 25, 2016.

- 4 -

In her brief, Appellant presents a single question for this Court's review:

Whether or not the evidence introduced at trial was sufficient to prove beyond a reasonable doubt Appellant had attempted to commit a theft by deception and insurance fraud?

Brief for Appellant at 7 (unnecessary capitalization omitted). The Commonwealth asserts that Appellant has waived this issue, as she did not raise a challenge to the sufficiency of the evidence in her Pa.R.A.P.1925(b) statement. Brief of Appellee at 7.

Pursuant to Pa.R.A.P. 1925, any issues not raised in a Pa.R.A.P. 1925(b) statement are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) ("in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925") (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). It is well-established that "[a] challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, 'but questions which evidence is to be believed.'" *Commonwealth v. Richard*, 150 A.3d 504, 516 (Pa.Super. 2016) (citation omitted). Moreover, when raising a sufficiency of the evidence claim an appellant must specify in her concise statement of matters

complained of on appeal the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257–1258 (Pa.Super. 2008) (finding waiver of sufficiency of evidence claim where the appellant failed to specify in Rule 1925(b) Statement the elements of particular crime not proven by the Commonwealth). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.Super. 2013).

Herein, Appellant failed to assert a challenge to the sufficiency of the evidence in her Rule 1925(b) statement, although this is the sole issue she develops in her appellate brief. Her vague allegations in subparagraphs (b) and (c) of her "Statement of Matters Complained of" that "no evidence was submitted to prove beyond a reasonable doubt that she created the document that was submitted to the insurance company" and that "the evidence presented was not sufficiently weighted to support a verdict of guilty as to an intent to defraud the insurance company," when read in the context of the paragraph as a whole, support a challenge only the weight- not the sufficiency- of the evidence. Indeed, the trial court interpreted this claim in its entirety as strictly as a challenge to the weight of the evidence, and addressed the issue as a weight claim in its Rule 1925(a) opinion. ***See*** Final Memorandum, filed 10/25/16 at 2, 4 (unnumbered). As such, we

agree with the Commonwealth that a finding of waiver regarding the issue of the sufficiency of the evidence is warranted. *See Commonwealth v. Johnson*, 51 A.3d 237, 246–247 (Pa.Super. 2012) (*en banc*) (finding waiver of issues not specifically raised in Rule 1925(b) statement). *See also Commonwealth v. Garang*, 9 A.3d 237, 246 (Pa.Super. 2010) ("[W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal.") (quotations and citation omitted).

Therefore, Appellant's failure to raise in her 1925(b) statement the issue she now presents on appeal precludes our review.[1]

Judgment of sentence affirmed.

_____

[1] To the extent Appellant briefly references the challenge to the weight of the evidence she had raised in her Rule 1925(b) statement in the "Summary of Argument" portion of her appellate brief when she "contends that the weight of the evidence produced was insufficient to show that she was the manufacturer of the document," Brief for Appellant at 9, we find this claim waived for her failure to preserve it in the trial court. A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. *Commonwealth v. Ford*, 141 A.3d 547, 556 (Pa.Super. 2016); Pa.R.Crim.P. 607. The failure to preserve properly a weight of the evidence claim will result in waiver, even if the trial court addresses the issue in its opinion. *Commonwealth v. Thompson*, 93 A.3d 478, 490-491 (Pa.Super. 2014). Herein Appellant neither made an oral or written motion before sentencing nor did she file a post sentence motion. As such, we do not reach Appellant's purported challenge to the weight of the evidence to sustain her convictions.

PJ Gantman joins the memorandum.

PJE Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017